UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-cr-40012-SLD-1 |
| | ) | |
| ALFONSO NAVARRO, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court are Defendant Alfonso Navarro's pro se motion for compassionate release, ECF No. 54, and counseled Amended Motion for Compassionate Release, ECF No. 63. For the reasons that follow, the motions are DENIED.

**BACKGROUND**

Defendant was sentenced to 108 months of imprisonment for possession with intent to distribute at least fifty grams of actual methamphetamine. Judgment 1–2, ECF No. 48. He is currently serving his sentence at Contracted Institution McRae in McRae-Helena, Georgia and is scheduled to be released on August 18, 2025. *See Find an Inmate*, Fed. Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc/ (search for "Alfonso" with "Navarro") (last visited Aug. 12, 2021). In light of the ongoing COVID-19 pandemic, Defendant filed a pro se motion for an order reducing his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court appointed the Federal Public Defender to represent Defendant with respect to this motion. *See* Mar. 2, 2021 Text Order. An amended motion was filed by counsel on May 11, 2021. The United States opposes Defendant's request for compassionate release. Resp., ECF No. 64.

## DISCUSSION

I.  **Legal Standard**

"[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a final judgment" that can be modified in only certain enumerated circumstances. 18 U.S.C. § 3582(b). As relevant here:

> [a] court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction.

*Id.* § 3582(c)(1)(A).[1]  "[T]he movant bears the burden of establishing extraordinary and compelling reasons that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021) (quotation marks omitted).

II.  **Analysis**

The parties agree that Defendant has exhausted his administrative remedies, Am. Mot. Compassionate Release 7–8; Resp. 15–16, and that Defendant has established an extraordinary and compelling reason for release because he is at higher risk for severe illness from COVID-19 due to his diabetes, hypertension, and obesity. *See* Am. Mot. Compassionate Release 12–17; Resp. 15. Because the United States is not asserting that Defendant failed to exhaust his administrative remedies, the Court need not address the exhaustion requirement. *Cf. United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) ("Failure to exhaust administrative remedies

---

[1] The statute also states that the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). But the Seventh Circuit has held that there is currently no applicable policy statement with which a sentence reduction under § 3582(c)(1)(A) must be consistent. *See United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020).

is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it." (citations omitted)). And the Court agrees that based on Defendant's medical conditions, he has established an extraordinary and compelling reason for release.[2]

This case, then, comes down to the § 3553(a) factors. These factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," *id.* § 3553(a)(2)(A); "the need for the sentence imposed to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B); and "the need for the sentence imposed to protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(C).

Defendant argues that the § 3553(a) factors weigh in favor of his release. *See* Am. Mot. Compassionate Release 17–21. He notes that he had no criminal history points, that all federal offenses are serious, and that this was a non-violent drug crime with no firearms involved. *Id.* at 17–18. He also notes that, while in BOP custody, he has had no disciplinary violations, has taken educational and vocational classes, and has worked in the kitchen. *Id.* at 18–19. The United States disagrees, noting that "Defendant played an active role in a sophisticated, cross-border, large-scale methamphetamine and cocaine distribution network." Resp. 16. It argues that "a just and firm response to Defendant's crime is required to promote both general and specific deterrence," *id.* at 17, and that releasing Defendant would "expose the community to further harm," *id.* at 18.

---

[2] In *United States v. Broadfield*, --- F.4th ---, 2021 WL 3076863, at *2 (7th Cir. July 21, 2021), the Seventh Circuit held that "for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." The Court is unaware whether Defendant has been offered a vaccine, so it will not apply *Broadfield*.

The Court finds releasing Defendant unwarranted after consideration of the § 3553(a) factors. Defendant was part of a large drug conspiracy and, by his own admission, worked with the highest member of the conspiracy. *See* Revised Presentence Investigation Report ¶ 21, ECF No. 44. That member had access to a source of cocaine and actual methamphetamine in Mexico and nine to ten pounds of actual methamphetamine stored in a shipping container in Streamwood, Illinois. *Id.* On December 20, 2017, at that member's direction, Defendant and his co-defendant brought ten ounces of actual methamphetamine to a Walmart with the intention of distributing it to a confidential informant. *See id.* ¶¶ 17–20. After Defendant was arrested, police searched his residence and found $8,000 in his girlfriend's diaper bag, over 3,000 grams of cannabis, ammunition, empty firearm magazines, digital scales, and plastic baggies. *Id.* ¶ 23. They also found 989 grams of cocaine and 863 grams of cannabis in a cooler Defendant's girlfriend had moved to her sister's yard. *Id.*

Defendant had no criminal history points, *id.* ¶ 53, and was eligible for safety valve relief from the mandatory minimum, *id.* ¶ 98. His Sentencing Guidelines range was 87 months to 108 months, *id.*, and the Court sentenced him to the high end of that range. He has served approximately 44 months of his sentence, *id.* at 1 (noting that Defendant has been detained since December 21, 2017), and is not scheduled to be released for another 48 months, *see Find an Inmate*, *supra*. The Court commends Defendant for his good conduct while incarcerated but finds that releasing him with over half of his sentence unserved would not reflect the seriousness of the offense, provide for adequate general deterrence, promote respect for the law, or protect the public.

## CONCLUSION

Accordingly, Defendant Alfonso Navarro's pro se motion for compassionate release, ECF No. 54, and counseled Amended Motion for Compassionate Release, ECF No. 63, are DENIED.

Entered this 12th day of August, 2021.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
